UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

IN RE: RALPH W BOLGEHN

Chapter 7

Case# 19--43084

DEBTOR,

----------------------------------------------------------------X

### AFFIRMATION IN OPPOSITION TO MOTION TO LIFT STAY

Anadel Canale, attorney duly admitted to practice law in the Sate of New York affirms the following:

1. I am the attorney for Debtor in the above entitled action.

2. I submit this affirmation in opposition to a motion for an Order (i) under Bankruptcy Code §§362(d)(l) and (d)(2) terminating the automatic stay with regard to the Debtor's possession of the premises located at 78-13 79th St., Ridgewood, NY 11385.

3. The Debtor was the original owner of 78-13 79ᵗʰ St Glendale, NY 11385. (See Deed Exhibit "A").

4. There was a Judgment of Foreclosure and Sale entered on April 18, 2017 in a foreclosure action filed in Queens Supreme Court. (See Exhibit "B").

5. The Debtor retained the attorney of Petroff Amshen LLP for foreclosure defense and loss mitigation services from the years 2017 to 2019. The Debtor expended almost $20,000 for these legal services.

6. The Debtor was informed by said counsel that the sale date which was scheduled on July 7, 2017 was cancelled by the lender. (See Email Attached hereto as Exhibit "C").

7. The Debtor was also informed that the firm was proceeding with foreclosure defense and loss mitigation. (Affidavit Exhibit "D").

8. The Debtor believed the foreclosure sale was cancelled.

9. The Debtor learned that the property was in fact sold when he received the within referee Deed attached hereto as Exhibit "E".

10. The Debtor was informed by his prior counsel that the Debtor's prior lender erred in selling the home.

11. The Debtor was then informed to file bankruptcy which he did "Pro Se" on May 21, 2019.

12. The undersigned filed a Notice for Change of Attorney on July 12, 2019.

13. The undersign prepared outstanding schedules, filed schedules, prepared trustee packages and appeared at 341 meeting with Debtor.

14. The within facts raises issues as to whether the creditor MTGLQ Investors, L.P. is the rightful owner of said property and has standing to bring the within motion to lift the stay.

15. "Standing is a threshold issue for a court to resolve." In re Idicula, 484 B.R. 284, 288 (Bankr. S.D.N.Y. 2013) (citation omitted). "A lift stay motion cannot be brought by a stranger to the case." In re Sterling, 2018 WL 313085 at *3 (Bankr. S.D.N.Y. Jan. 5, 2018) (quoting In re Escobar, 457 B.R. 229, 236 (Bankr. S.D.N.Y. 2011)). It is well settled that under section 363(d), a request to lift the automatic stay must be made by a "party in interest." In re Lippold, 457 B.R. 293, 296 (Bankr. S.D.N.Y. 2011). While the term "party in interest" is not defined in the Bankruptcy Code, the Second Circuit has stated that "in order to invoke the court's jurisdiction to obtain relief

from the automatic stay, the moving party [must] be either a creditor or a debtor." 6 In re Mims,

438 B.R. 52, 55 (Bankr. S.D.N.Y. 2010) (citing In re Comcoach, 698 F.2d 571, 573 (2d Cir. 1983)).

Section 101(10) of the Bankruptcy Code defines a "creditor" as an "entity that has a claim

against the debtor that arose at the time of or before the order for relief concerning the

debtor." 11 U.S.C. § 101(1)(A). A "claim" is defined as a "right to payment, whether or not such

right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured,

disputed, undisputed, legal, equitable, secured or unsecured . . . ." 11 U.S.C. § 101(5)(A). Courts

in this jurisdiction have made clear that a party can demonstrate a "right to payment" by

showing that it holds the ability to seek the state law remedy of foreclosing on a property. See

Mims, 438 B.R. at 56 (citing Johnson v. Home State Bank, 501 U.S. 78, 84 (1991) (finding that a

mortgage foreclosure was a "right to payment" against the debtor)); see also Escobar, 457 B.R.

at 239 (explaining that "the evidence necessary to establish standing to seek stay relief or

commence or continue a foreclosure action should include a demonstration that the movant has

the right under applicable law to enforce the mortgage . . ."). "Under New York law, a plaintiff

has standing to commence a mortgage foreclosure action 'where it is both the holder or

assignee of the subject mortgage and the holder or assignee of the underlying note at the time

the action is commenced.'" Lippold, 457 B.R. at 296–97 (quoting Bank of N.Y. v. Silverberg, 926

N.Y.S.2d 532, 536 (2d Dep't 2011)). "While the transfer of the mortgage without the promissory

note is a nullity, once a promissory note is transferred from assignor to assignee, 'the mortgage

passes as an incident to the note.'" Id. at 297 (quoting Silverberg, 926 N.Y.S.2d at 537); see also

Escobar, 457 B.R. at 240 (stating that "New York law has long recognized that the rights under a

mortgage lien are beneficially transferred to the assignee of a promissory note, without the

execution of a written assignment of the mortgage, and even without a written assignment of

the mortgage").

16. In order to determine the creditor, MTGLQ Investors, L.P, standing in this case there are several issues of fact that must be resolved:

   a) Did the prior lender err in allowing the sale to move forward?

   b) Did the prior lenders inadvertently tell the foreclosure counsel to suspend sale but counsel failed to inform the referee?

   c) Did the prior lender's foreclosure attorney err by selling the property when they were directed not to?

   d) Did the referee err in selling the property against prior lender's instructions?

   e) Was this simply legal malpractice?

13. The Debtor had several options available to him to payoff arrears including, Chapter 13 and the fact that a co-owner of the Debtor's property Barbara Whitney owned a property mortgage free and could have refinance one property to pay off the arrears for the property in question.

14. Clearly the standing of the Creditor, MTGLQ Investors, L.P, must be decided prior to allowing them the power to lift the Stay and take possession of Debtor's property and forcing Debtor and his ill wife to vacate their home.

15. The Creditors interest in this matter is clearly financial and the Debtors interested is deeply vested in the home he has resided in for over 22 years.

16. I believe that the facts and circumstances in this action warrant at the very least an adjournment of said motion to answer the questions surrounding the sale.

**WHEREFORE,** the undersign request that the court deny the motion to lift Stay, and or adjourn said matter until issues surrounding sale of the property can be answered, together with such other and further relief as this court may deem such and proper.

Dated: August 15th, 2019

Anadel Canale Esq.
Attorney for the Debtor
1805 Fifth Ave Suite 8
Bayshore, NY 11706

# EXHIBIT A

REEL 4 1 9 3 PG 0 2 9 3

T 681

Standard N.Y.B.T.U. Form 8002: Bargain & sale deed,
with covenant against grantor's acts—Ind. or Corp.: single sheet

JULIUS BLUMBERG, INC., LAW BLANK PUBLISHERS

CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT – THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY

**THIS INDENTURE**, made the 24th day of July        , nineteen hundred and ninety five (1995)

**BETWEEN**    DOROTHY BOLGEHN, residing at 78-13 79th Street, Glendale, County
of Queens, New York 11385,

party of the first part, and    RALPH BOLGEHN, SUSAN L. ZELLER BOLGEHN, residing at
77-14 79th Place, Glendale, County of Queens, New York 11385, and DOROTHY
BOLGEHN, residing at 78-13 79th Street, Glendale, County of Queens, New
York 11385, as joint tenants,

party of the second part,

**WITNESSETH**, that the party of the first part, in consideration of Ten Dollars and other valuable consideration
paid by the party of the second part, does hereby grant and release unto the party of the second part, the heirs
or successors and assigns of the party of the second part forever,

~~ALL that certain plot piece or parcel of land with the buildings and improvements thereon erected, situate,
lying and being in the~~

SEE SCHEDULE A

SO IN ORIGINAL

**TOGETHER** with all right, title and interest, if any, of the party of the first part in and to any streets and
roads abutting the above described premises to the center lines thereof; TOGETHER with the appurtenances
and all the estate and rights of the party of the first part in and to said premises; TO HAVE AND TO HOLD
the premises herein granted unto the party of the second part, the heirs or successors and assigns of the party of
the second part forever.

**AND** the party of the first part covenants that the party of the first part has not done or suffered anything whereby
the said premises have been encumbered in any way whatever, except as aforesaid.
**AND** the party of the first part, in compliance with Section 13 of the Lien Law, covenants that the party of the first
part will receive the consideration for this conveyance and will hold the right to receive such consideration as a
trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to
the payment of the cost of the improvement before using any part of the total of the same for any other purpose.
The word "party" shall be construed as if it read "parties" whenever the sense of this indenture so requires.

**IN WITNESS WHEREOF**, the party of the first part has duly executed this deed the day and year first above
written.

IN PRESENCE OF:

Frank J. Schoen
FRANK J. SCHOEN

x Dorothy Bolgehn

REEL 4193 PG 0294

## SCHEDULE A

All that certain plot, piece or parcel of land with the buildings and improvements thereon erected, situate lying and being in the Borough and County of Queens, City and State of New York, bounded and described as follows:

BEGINNING at a point on the easterly side of 79th Street, formerly Brush Street, distant 120 feet southerly from the corner formed by the intersection of the said easterly side of 79th Street with the southerly side of 78th Avenue, formerly Deyo Street,; running thence easterly at right angles to 79th Street and part of the distance through a party wall, 95 feet; thence southerly parallel with 79th Street 20 feet; thence westerly at right angles to 79th Street, 95 feet to the easterly side of 79th Street; and thence northerly along the easterly side of 79th Street, 20 feet to point or place of BEGINNING.

SAID premises being known as 78-13 79th Street, Glendale, New York 11385.

TOGETHER with an easement and right of way over, upon and along a strip of land 3 feet 9 inches wide and 75 feet in depth, measured easterly from the easterly side of 79th Street, formerly Brush Street, immediately adjoining the above described premises on the South as and for a driveway to the garage erected on the rear of the premises above described.

SUBJECT to a similar right of way in favor of the premises adjoining on the South, over, upon and along the southerly 3 feet 9 inches wide of the premises first described above to a depth of 75 feet easterly from the easterly side of 79th Street, as and for a driveway to the garage erected in the rear of the premises adjoining on the south.

SAID right of way and driveway is to be kept open and unobstructed for ingress and egress to and from said respective premises and 79th Street and be maintained in common by respective owners of said premises, for the uses and benefit if said respective premises and owners and occupants thereof.

SUBJECT to any state of facts an accurate survey may show; and subject to any covenants, easements, restrictions, agreements of record, if any, not violated by the existing structure, its use and occupancy.

REEL4193P60295

| | |
|---|---|
| **STATE OF NEW YORK, COUNTY OF** QUEENS    ss: | **STATE OF NEW YORK, COUNTY OF**    ss: |

**STATE OF NEW YORK, COUNTY OF** QUEENS    ss:

On the 2V 27 day of July 19 95, before me personally came Dorothy Bolgehn

to me known to be the individual described in and who executed the foregoing instrument, and acknowledged that she executed the same.

Frank Scha

**FRANK J. SCHORN**
Notary Public, State of New York
No. 029C 5018461
Qualified in Queens County
Commission Expires 9-27-95

**STATE OF NEW YORK, COUNTY OF**    ss:

On the    day of    19    , before me personally came

to me known to be the individual described in and who executed the foregoing instrument, and acknowledged that executed the same.

---

**STATE OF NEW YORK, COUNTY OF**    ss:

On the    day of    19    , before me personally came
to me known, who, being by me duly sworn, did depose and say that he resides at No.

that he is the
of           , the corporation described
in and which executed the foregoing instrument; that he knows the seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the board of directors of said corporation, and that he signed h name thereto by like order.

**STATE OF NEW YORK, COUNTY OF**    ss:

On the    day of    19    , before me personally came
the subscribing witness to the foregoing instrument, with whom I am personally acquainted, who, being by me duly sworn, did depose and say that he resides at No.

that he knows
         to be the individual
described in and who executed the foregoing instrument; that he, said subscribing witness, was present and saw execute the same; and that he, said witness, at the same time subscribed h name as witness thereto.

---

**Bargain and Sale Deed**
WITH COVENANT AGAINST GRANTOR'S ACTS

TITLE No. _____

DOROTHY BOLGEHN, Grantor

TO

RALPH BOLGEHN, SUSAN L. ZELLER BOLGEHN
and DOROTHY BOLGEHN,
Grantees.

SECTION
BLOCK    3828
LOT      24
COUNTY OR TOWN    Queens

**RETURN BY MAIL TO:**

Frank J. Schorn, Esq.
78-11 79th Street
Glendale, New York 11385
            Zip No.

*Reserve this space for use of Recording Office.*

# CITY REGISTER RECORDING AND ENDORSEMENT PAGE
## - QUEENS COUNTY -
*(This page forms part of the instrument)*

Block(s) __3828__

Lot(s) __24__

Record & Return to:
Frank J Schorn ESQ.
78-11 79th Street
Glendale, NY 11385

Title/Agent Company name: __Title Serv__

Title Company number: __TS 73718__

REEL 4193 PG 0296

**OFFICE USE ONLY - DO NOT WRITE BELOW THIS LINE**

THE FOREGOING INSTRUMENT WAS ENDORSED FOR THE RECORD AS FOLLOWS:

Examined by (✍): _Pll  8·16·95_

City Register Serial Number → **056559**

| | |
|---|---|
| Mtge Tax Serial No.. | $ |
| Mtge Amount | $ |
| Taxable Amount | $ |
| Exemption (✓) YES ☐ NO ☐ | |

Indexed By (✍): _____   Verified By (✍): _____

Block(s) and Lot(s) verified by (✓): _Rw_

Address ☑    Tax Map ☐

Extra Block(s) _____   Lot(s) _____

Type: [338EE]  [255]  [OTHER_____]

Dwelling Type: [1 to 2]  [3]  [4 to 6]  [OVER 6]

TAX RECEIVED ON ABOVE MORTGAGE ▼

| | |
|---|---|
| County (basic) | $ |
| City (Add'l) | $ |
| Spec Add'l | $ |
| TASF | $ |
| MTA | $ |
| NYCTA | $ |
| TOTAL TAX | $ |

Apportionment Mortgage (✓) YES ☐ NO ☐

Joy A. Bobrow, City Register

Recording Fee _A_ $37

Affidavit Fee ___(C) $

TP-584/582 Fee _(Y)_ $ 1

RPTT Fee ___(R) $ 25

HPD-A ▦    HPD-C ☐

New York State Real Estate Transfer Tax ▼

$ ◯

Serial Number → **002783**

New York City Real Property Transfer Tax Serial Number → **017047**

New York State Gains Tax Serial Number →

RECORDED IN QUEENS COUNTY
OFFICE OF THE CITY REGISTER

1995 SEP 20  P 1: 25

Witness My Hand and Official Seal

_Jo J. Bobrow_ City Register

CRGFM90C.BPG 1/93

46 - H - 004

$1.00
06763S   GNRFT

$37.00
06763A   DEED

# EXHIBIT B

**SEQUENCE NO. 3**

IAS Term, Part 34 of the Supreme Court of
the State of New York, held in and for the
County of QUEENS, at the Courthouse thereof
located at 88-11 Sutphin Boulevard, Jamaica,
NY 11435 on the 5 day of April ,
20 17.

PRESENT:

Hon. Robert J. McDonald
Justice

SUPREME COURT QUEENS COUNTY
25-10 COURT SQUARE
LONG ISLAND CITY, NEW YORK 11101

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

-----------------------------------------------------------------------x

CITIMORTGAGE, INC.

Plaintiff,

-against-

BARBARA A WHITNEY; MELISSA BOLGEHN; SUSAN
BOLGEHN; JENNIFER BOLGEHN; RALPH BOLGEHN;

Defendant(s),

-----------------------------------------------------------------------x

**FILED & RECORDED**

**APR 18 2017**

COUNTY CLERK
QUEENS COUNTY

Index No.: 16999/08
~~D/O/F.~~

**ORDER TO RESTORE THE
ACTION TO COURT'S
ACTIVE CALENDAR AND
FOR JUDGMENT OF
FORECLOSURE AND SALE**

Premises Address:
78-13 79th Street
Ridgewood, NY 11385

ON the Summons, Complaint, and Notice of Pendency duly filed in this action in the Office of

the County Clerk of the County of Queens on July 9, 2008 and Notice of Pendency re-filed on October

5, 2011; and on December 17, 2014 and all proceeding had thereon; and upon the Notice of Motion dated May 20, 2015, the

prior affirmation of regularity of Daniel B. Wade, Esq. of Rosicki, Rosicki & Associates, P.C., dated March

23, 2009, with exhibits annexed, showing that all Defendants herein have been duly served within this

State with the Summons in this action, or have voluntarily appeared by their respective attorneys; and

on proof of service upon and appearance by the Defendant(s) herein heretofore filed in this action; and

stating that more than the legally required number of days have elapsed since said Defendants were so

served; and that none of the Defendants has served an Answer to said Complaint, nor has their time to

do so been extended and upon the affirmation of services rendered of Chianti Lewis, Esq. dated May

20, 2015 and

On the Order of Reference granted on December 2, 2009 appointing Martha Taylor, Esq. as Referee in this action to ascertain and compute the amount due, and to examine the Plaintiff or its agent under oath as to the allegations contained in the Complaint, and to examine and report whether the mortgaged premises should be sold in one or more parcels; and on reading and filing the Oath and Report of the aforesaid Referee sworn to and dated March 13, 2010, it appears that the sum of $354,795.65 was due to Plaintiff, as of August 15, 2008, plus a per diem interest for every day from August 16, 2008 through March 14, 2011 and that the mortgaged premises should be sold in one parcel, and after due deliberation having been had thereon; and upon reading and filing the decision of the Court dated *April 20, 2015*.

NOW, upon motion of ROSICKI, ROSICKI & ASSOCIATES, P.C., attorneys for plaintiff herein, it is

ORDERED, ~~ADJUDGED AND DECREED~~, that the motion is granted ~~without opposition~~; and it is further

ORDERED, that the within action be and is hereby restored to the court's active calendar; and it is further

ORDERED, ADJUDGED AND DECREED, that the Order of Reference granted on December 2, 2009 and entered on December 11, 2009 in the Queens County Clerk's Office on is affirmed; and it is further

ORDERED, ADJUDGED AND DECREED, that the report of Martha Taylor, Esq. dated March 13, 2010,be, and the same is hereby, in all respects, ratified and confirmed; and it is further

ORDERED, ADJUDGED AND DECREED, that the Affidavit of Merit executed by Kurt Bowling on October 7, 2014 be substituted nunc pro tunc in the place of the Affidavit of Merit executed by Aaron Menne on July 8, 2008; and it is further

THIS SPACE INTENTIONALLY LEFT BLANK



ORDERED, ADJUDGED AND DECREED, that the caption be amended by substituting the

name of "FEDERAL NATIONAL MORTGAGE ASSOCIATION" in the place and stead of

"CITIMORTGAGE, INC." as plaintiff; and all papers and proceedings shall be deemed amended

accordingly, to read as follows:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------------------X
FEDERAL NATIONAL MORTGAGE ASSOCIATION                    Index No.: 16999/08

                             Plaintiff,

                 -against-

BARBARA A WHITNEY; MELISSA BOLGEHN; SUSAN            Premises Address:
BOLGEHN; JENNIFER BOLGEHN; RALPH BOLGEHN;            78-13 79th Street
                                          Ridgewood, NY 11385

                      Defendant(s),

-----------------------------------------------------------------------------X

And it is further

    ORDERED, ADJUDGED AND DECREED, that the mortgaged premises described in the

Complaint in this action, and hereinafter described, or such part thereof as may be sufficient to

discharge the mortgage debt under the note and mortgage, the expenses of sale and the costs of this

action as provided by the Real Property Actions and Proceedings law be sold, in one parcel, at public

auction at the QUEENS COUNTY SUPREME COURT, located at 88-11 SUTPHIN BOULEVARD,

JAMAICA, NEW YORK, IN COURTROOM #25, AT 10:00 A.M. ON A FRIDAY, by and under the

direction of Martha Taylor, who is hereby appointed Referee for that purpose; in the absence of the

designated Referee, the Court will designate a substitute Referee forthwith; that said Referee give

public notice of the time and place of such sale in accordance with law, practices of this Court and

Newspaper R.P.A.P.L. sec. 231 in _Metro-NY (718)600-8176_ and that Plaintiff or any other

parties to this action may become the purchaser or purchasers at the said sale; that in case the Plaintiff

shall become the purchaser at the said sale, they shall not be required to make any deposit thereon; that

aid Referee execute to the purchaser or purchasers on such sale a deed of the premises sold; that in the

3

event a party other than the Plaintiff becomes the purchaser or purchasers at such sale, they shall be required to tender a deposit of 10% of the purchase price in certified funds and the closing of title shall be had thirty days after such sale unless otherwise stipulated by all parties to the sale; and it is further

**ORDERED,** that the Referee appointed herein is subject to the requirements of Rule 36.2(c) of the Chief Judge, and if the Referee is disqualified from receiving an appointment pursuant to the 2 provisions of that Rule, the Referee shall notify the appointing Justice forthwith; and it is further

**ORDERED, ADJUDGED AND DECREED,** that said Referee, upon receiving the proceeds of sale, shall forthwith pay therefrom, in accordance with their priority according to law, the taxes, assessments, sewer rents or water rates which are or may become liens on the premises at the time of sale with such interest or penalties which may have lawfully accrued thereon to the date of payment; and it is further

**ORDERED, ADJUDGED AND DECREED,** that said Referee then deposit the balance of said proceeds of sale in his/her own name as Referee in _Signature Bank_ and shall thereafter make the following payments, and his/her checks drawn for that purpose shall be paid by said depository:

Bank

FIRST:    The statutory fee of the Referee in the sum of $500.00;

SECOND:    The expenses of sale and the advertising expenses as shown on the bills presented and certified by said Referee to be correct, duplicate copies of which shall be annexed to the report of sale.

The Referee shall not he held responsible for the payment of penalties or fees pursuant to this appointment. The Purchaser shall hold the Referee harmless from any such penalties or fees assessed.

THIRD:    Said Referee shall also pay to plaintiff, or to ROSICKI, ROSICKI, AND ASSOCIATES, P.C., its attorneys, the sum of $ 1674.00 to be determined by the Clerk and adjudged to the Plaintiff for costs and disbursements in this action to be taxed by the Clerk and inserted herein, with interest thereon from the date



*Add'l.*
*Allow.*

*J.S.C.*

*A+Y*
*Fees*

*J.S.C.*

*court*

hereof; together with an additional allowance of $ **300.00** hereby awarded to the Plaintiff in addition to costs with interest thereon from the date hereof, and also the sum of $354,795.65 the said amount so reported due the as aforesaid, which includes the contractual interest calculated through August 15, 2008 , the date interest was calculated to in said report, or so much thereof as the purchase money of the mortgaged premises will pay of the same, together with any advances necessarily paid by the Plaintiff for taxes, fire insurance, principal and interest to prior mortgages to preserve and or maintain the premises not previously included in any computations, upon presentation of receipts for said *court* expenditures to the Referee, together with $ **1800.00** hereby awarded to the Plaintiff as reasonable legal fees herein, together with any advances as provided for in the note and mortgage, which Plaintiff has made for taxes, insurance, principal and interest and any other charges due to prior mortgages, or to maintain the premises pending consummation of this foreclosure sale, not previously included in the computation and upon presentation of receipts for said expenditures to the Referee, all together with the contractual interest from August 16, 2008 to March 14, 2011, the date interest has begun to be tolled by the Court together with the contractual interest from December 18, 2014, the ending date of tolling by the Court, to the date of entry of Judgment, with statutory interest thereafter to the date of the sale directed herein or to the date of delivery of the Referee's Deed, whichever is later, or so much thereof as the purchase money will pay of the same.

**FOURTH:**   If such Referee intends to apply for a further allowance for his/her fees, he/she may leave upon deposit such amount as will cover such additional allowance, to await the further order of this Court thereon after application duly made upon due notice to those parties entitled thereof;

That in case the Plaintiff be the purchaser of said mortgaged premises at said sale, or in the event that the rights of the purchasers at said and the terms of sale under this judgment shall be assigned to and be acquired by the Plaintiff, and a valid assignment filed with said Referee, said Referee shall not require the Plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver to the Plaintiff, or its assignee, a deed or deeds of the premises sold upon the payment to said Referee of the amount specified above in items marked "FIRST" and "SECOND" and the amounts of the aforesaid taxes, assessments, sewer rents and water rates, with interest and penalties thereon, or, in lieu of the payment of said last mentioned amounts, upon filing with said Referee receipts of the proper municipal authorities showing payment thereof; that the balance of the amount bid, after deducting therefrom the aforesaid amounts paid by the plaintiff for Referee's fees, advertising expenses, taxes, assessments, sewer rents and water rates shall be allowed to the Plaintiff and applied by said Referee upon the amounts due to the Plaintiff as specified in item marked "THIRD;" that if after so applying the balance of the amount bid, there shall be a surplus over and above the said amounts due to the Plaintiff, the Plaintiff shall pay to the said Referee, upon delivery to Plaintiff of said Referee's deed, the amount of such surplus; that said Referee, upon receiving said several amounts from the Plaintiff, shall forthwith pay therefrom said taxes, assessments, sewer rents and water rates, with interest and penalties thereon, unless the same have already been paid, and shall then deposit the balance.

The said Referee shall take the receipt of the Plaintiff, or the attorneys for the Plaintiff, for the amounts paid as directed in item "THIRD" above, and file it with his/her report of sale; that he/she deposit the surplus monies, if any, with the Queens County Clerk within five days after the same shall be received and be ascertainable, to the credit of this action, to be withdrawn only on an order of this Court, signed by a Justice of this Court. The Referee shall make his/her report of such sale under oath showing the disposition of the proceeds of the sale and accompanied by the vouchers of the persons to whom payments were made, and shall file it with the Queens County Clerk within thirty days after completing the sale and executing the proper conveyance to the purchaser, and that if the proceeds of such sale be insufficient to pay the amount reported due to the Plaintiff with interest and costs as aforesaid, the said



Referee shall specify the amount of such deficiency in his/her report of sale; ORDERED, that the plaintiff shall recover from the defendant(s) BARBARA A WHITNEY the whole deficiency or so much thereof as the court may determine to be just and equitable of the residue of the mortgage debt remaining unsatisfied after a sale of the mortgaged premises and the application of the proceeds thereof, provided a motion for a deficiency judgment shall be made a prescribed in section 1371 of the Real Property Actions and Proceedings Law within the time limited therein, and the amount thereof is determined and awarded by an order of this Court as provided for in said section; and it is further,

**ORDERED, ADJUDGED AND DECREED,** that the purchaser or purchasers at said sale be let into possession on production or delivery of the Referee's deed or deeds; and it is further

**ORDERED, ADJUDGED AND DECREED,** that each and all of the Defendants in this action and all persons claiming under them, or any or either of them, after the filing of such notice of pendency of this action, be and they are hereby forever barred and foreclosed of all right, claim, lien, title, interest and equity of redemption in said mortgaged premises and each and every part thereof; and it is further

**ORDERED, ADJUDGED AND DECREED,** that said premises is to be sold in one parcel in "as is" physical order and condition, subject to any state of facts that an inspection of the premises would disclose; any state of facts that an accurate survey of the premises would show; any covenants, restrictions, declarations, reservations, easements, rights of way and public utility agreements of record, if any; any building and zoning ordinances of the municipality in which the mortgaged premises is located and possible violations of same; any rights of tenants or persons in possession of the subject premises; prior, liens of record, if any, except those liens addressed in section 1354 of the Real Property Actions and Proceedings Law; any equity of redemption of the UNITED STATES OF AMERICA to redeem the premises within 120 days from the date of sale; and it is further

THIS SPACE INTENTIONALLY LEFT BLANK

7

18999/2008 ORDER(JUDGMENT [ORDER TO RESTORE/JUDGMENT OF FORECLOSURE AND SALE]  CAPTION AMENDED [SEQ NO. 3]

**ORDERED, ADJUDGED AND DECREED,** that a copy of the Judgment with Notice of Entry shall be served upon the owner of the equity of redemption, any tenants named in this action and any other party entitled to notice.

Said premises commonly known as 78-13 79th Street, Ridgewood, NY  11385, bearing tax map designation: Block:  3828; Lot:  24.  A description of said mortgaged premises is annexed hereto and made a part hereof as Schedule "A."

~~Dated:~~

ENTER:

**HON. ROBERT J. McDONALD**
Justice of the Supreme Court

CLERK

**FILED & RECORDED**

APR 1 8 2017

COUNTY CLERK
QUEENS COUNTY

ENTERED
11:23AM
APR 1 8 2017
COUNTY CLERK
QUEENS COUNTY

8

Printed 4/25/2017

# EXHIBIT C

**From:** William Younghans <wyounghans@lawpetroff.com>
**To:** rbslz30@aol.com <rbslz30@aol.com>
**Subject:** SALE DATE 7-7-17 POSTPONED
**Date:** Wed, Jul 5, 2017 11:20 am

---

Ralph,

GOOD NEWS- your sale date has been postponed!!! I received your fax regarding Barbaras tax returns and Social Security income. Please work on getting the rest of the documents so I can submit a complete package ASAP.

Thank You,

**William Younghans** | Underwriter

**Petroff Amshen LLP**

1795 Coney Island Avenue | 3rd Floor | Brooklyn, NY 11230

Phone 718.336.4200 | Fax 718.336.4242

wyounghans@lawpetroff.com

www.lawpetroff.com

**CONFIDENTIALITY NOTICE:** THIS E-MAIL AND THE DOCUMENTS ACCOMPANYING THE TRANSMISSION MAY CONTAIN CONFIDENTIAL INFORMATION BELONGING TO THE SENDER WHICH IS LEGALLY PRIVILEGED. THE INFORMATION IS INTENDED ONLY FOR THE USES OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, COPY, DISTRIBUTION, OR THE TAKING OF ANY ACTION IN RELIANCE ON THE CONTENTS OF THIS TRANSMISSION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE TO ARRANGE THE RETURN OF THE DOCUMENT TO US. THANK YOU.

# EXHIBIT D

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

.IN RE: RALPH W BOLGEHN

Chapter 7

Case# 19--43084

DEBTOR,

---------------------------------------------------------------X

### **DEBTORS AFFIDAVIT**

1. I am the Debtor in the above entitled action.

2. My family has owned the home located at 78-13 79th St., Ridgewood, NY 11385 since

   1995.

3. We fell behind on our mortgage because I was unemployed, and my wife was disabled and had

   medical issues.

4. I retained the law firm of Petroff Amshen LLP to assist me in loss mitigation and foreclosure

   defense.

5. I expended almost $20,000 for this service.

6. In order to keep my home, I was prepared to do a modification, pay off arrears and/or make

   payments in a Chapter 13 bankruptcy.

7. In July 2017, I was informed of a foreclosure sale date on August 7, 2017.

8. I called my attorney daily and was informed they were working on it.

9. When the sale date approached, I was sent an email on July 5th, 2019 that the foreclosure sale

   was stopped.

10. I believe at that time that the sale was stopped and that my attorney was proceeding with loss

    mitigation options.

11. On or about August 18, 2017 I received notice that another person filed a deed as owner of my home.

12. I immediately contacted my attorney who informed me that it was an error on my lenders part.

13. I was then advised I should file for bankruptcy.

14. I have been attempting to resolve this matter ever since I was informed of what occurred.

15. No one would answer my questions.

16. In desperation I filed bankruptcy by myself.

17. I later retained attorney Anadel Canale to assist me.

18. I do not believe the current person who claims to own my home is the proper owner.

19. I am pleading for the court to deny the stay and assist me in finding out if my prior lender improperly sold my home.

20. I want the court to know that I counted on my prior counsel 100 percent to assist me with my home.

21. I contacted them on a regular basis and was always told they were working on it.

22. I was not complacent because I did not want to lose my home.

23. If this sale is vacated, I am prepared to pay the arrears via Chapter 13 or assistance from co-owner Barbara Whitney.

24. Please do not grant motion to lift stay without determining if the sale was proper.

Dated: August 16, 2019

RALPH W BOLGEHN

Notary

Sworn Before me This

16- Day of August

CANALE ANADEL
NOTARY PUBLIC STATE OF NEW YORK
No. 02CA6068340
Qualified in Queens County
Commission expires 12/31/

# EXHIBIT E

| **NYC DEPARTMENT OF FINANCE**<br>**OFFICE OF THE CITY REGISTER**<br><br>This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document. | <br>2017081800543001001EA4D0 |
|---|---|

| **RECORDING AND ENDORSEMENT COVER PAGE** | | **PAGE 1 OF 4** |
|---|---|---|
| **Document ID:** 2017081800543001<br>Document Type: DEED<br>Document Page Count: 3 | Document Date: 07-07-2017 | Preparation Date: 08-18-2017 |

| **PRESENTER:** | **RETURN TO:** |
|---|---|
| PARAMOUNT LAND INC<br>584 MAIN ST<br>ISLIP, NY 11751 | PARAMOUNT LAND INC<br>584 MAIN ST<br>ISLIP, NY 11751 |

**PROPERTY DATA**

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| QUEENS | 3828 | 24   Entire Lot | | 78-13 79TH STREET |

Property Type: DWELLING ONLY - 1 FAMILY

**CROSS REFERENCE DATA**

CRFN _____ *or* DocumentID _____ *or* _____ Year ____ Reel ____ Page ____ *or* File Number _____

**PARTIES**

| **GRANTOR/SELLER:** | **GRANTEE/BUYER:** |
|---|---|
| MARTHA TAYLOR, ESQ. AS REFEREE<br>78-13 79TH STREET<br>RIDGEWOOD, NY 11385 | MTGLQ INVESTORS, L.P.<br>4828 LOOP CENTRAL DRIVE<br>HOUSTON, TX 77081 |

**FEES AND TAXES**

| Mortgage : | | | Filing Fee: | |
|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | $ | 125.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | |
| Exemption: | | | $ | 9,108.22 |
| TAXES: County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 0.00 | $ | 2,602.00 |
| Spec (Additional): | $ | 0.00 | **RECORDED OR FILED IN THE OFFICE** | |
| TASF: | $ | 0.00 | **OF THE CITY REGISTER OF THE** | |
| MTA: | $ | 0.00 | **CITY OF NEW YORK** | |
| NYCTA: | $ | 0.00 | Recorded/Filed    08-18-2017 15:24 | |
| Additional MRT: | $ | 0.00 | City Register File No.(CRFN): | |
| TOTAL: | $ | 0.00 | **2017000309588** | |
| Recording Fee: | $ | 52.00 | *Ġnnette M Lill* | |
| Affidavit Fee: | $ | 0.00 | | |
| | | | **City Register Official Signature** | |

THIS DEED, made _July 7,_____, 2017

**BETWEEN** Martha Taylor Esq., 175-14 Mayfield Road, Jamaica, NY 11432 Referee duly appointed in the action hereinafter mentioned, Grantor, and

MTGLQ Investors, L.P., 4828 LOOP CENTRAL DRIVE, HOUSTON, TX 77081 Grantee,

**WITNESSETH** that the grantor, the referee appointed in an action between FEDERAL NATIONAL MORTGAGE ASSOCIATION and BARBARA A WHITNEY; MELISSA BOLGEHN; SUSAN BOLGEHN; JENNIFER BOLGEHN; RALPH BOLGEHN; et al, Defendants under Index No. 16999/08 Queens County Supreme Court 88-11 Sutphin Boulevard, Jamaica, NY 11435, foreclosing a mortgage recorded on September 20, 2007, in the Office of the Clerk of the County of Queens, in CRFN 2007000484443, in pursuance of a judgment entered at an IAS Term, of the Supreme Court, on April 18, 2017, and in consideration of **SIX HUNDRED THIRTY-NINE THOUSAND ONE HUNDRED SEVENTY-THREE DOLLARS AND SIXTEEN CENTS ($639,173.16)**Dollars paid by the grantee, being the highest sum bid at the sale under said judgment, does hereby grant and convey unto the grantee

The foreclosure sale was held on July 7, 2017

Said premises known as and by the street address: 78-13 79th Street, Ridgewood, NY 11385.

SEE SCHEDULE "A" ANNEXED HERETO AND MADE A PART HEREOF.

Said premises being and intended to be the same premises conveyed by Deed dated September 7, 2007 from Ralph Bolgehn, Susan L. Zeller-Bolgehn, and Melissa Bolgehn to Barbara A. Whitney recorded September 20, 2007 in CRFN 2007000484528

**TO HAVE AND TO HOLD** the premises granted unto the grantee MTGLQ Investors, L.P., and its assigns forever. Whenever the text requires, the singular number herein shall include the plural and all genders.

B-3828
L-24

**IN WITNESS WHEREOF**, the grantor has set his hand and seal, the date first above written.

M. Taylor Esq ask

Martha Taylor, Esq.
Referee

STATE OF NEW YORK
COUNTY OF QUEENS
On the 7 day of July in the year 2017, before me, the undersigned, a notary public in and for said state, personally appeared Martha Taylor, Esq., personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity that by his/her their signature(s) on the instrument, the individual(s) or the person upon behalf of which the individual(s), acted executed the instrument.

NOTARY PUBLIC

TERENCE GEE
NOTARY PUBLIC-STATE OF NEW YORK
No. 01GE6327553
Qualified in Queens County
My Commission Expires July 06, 2019

Case 1-19-43084-ess    Doc 23    Filed 08/16/19    Entered 08/16/19 17:34:04

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough and County of Queens, City and State of New York, bounded and described as follows:

BEGINNING at a point on the easterly side of 79th Street, formerly Brush Street, distant 120 feet southerly from the corner formed by the intersection of the said easterly side of 79th Street with the southerly side of 78th Avenue, formerly Deyo Street;

RUNNING THENCE easterly at right angles to 79th Street and part of the distance through a party wall, 95 feet;

THENCE southerly parallel with 79th Street, 20 feet;

THENCE westerly at right angles to 79th Street, 95 feet to the easterly side of 79th Street; and

THENCE northerly along the easterly side of 79th Street, 20 feet to the point or place of BEGINNING.

Index No. 16999/08

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

-------------------------------------------------------------------X

MARTHA TAYLOR, ESQ.

                                                    Grantor,

TO

MTGLQ INVESTORS, L.P.

                                                    Grantee

-------------------------------------------------------------------X

---------------------------------------------------------------------------------------------------
### REFEREE'S DEED IN FORECLOSURE
---------------------------------------------------------------------------------------------------

SECTION: 0
BLOCK: 3828
LOT: 24

RECORD AND RETURN TO:
MTGLQ Investors, L.P.
4828 LOOP CENTRAL DRIVE
HOUSTON, TX 77081



2017081800543001001S6A51

| SUPPORTING DOCUMENT COVER PAGE | | PAGE 1 OF 1 |
|---|---|---|

**Document ID: 2017081800543001**
Document Type: DEED

Document Date: 07-07-2017

Preparation Date: 08-18-2017

**ASSOCIATED TAX FORM ID:**   2017062900115

**SUPPORTING DOCUMENTS SUBMITTED:**

| | Page Count |
|---|---|
| DEP CUSTOMER REGISTRATION FORM FOR WATER AND SEWER BILLING | 1 |
| RP - 5217 REAL PROPERTY TRANSFER REPORT | 2 |
| SMOKE DETECTOR AFFIDAVIT | 1 |



The City of New York
Department of Environmental Protection
Bureau of Customer Services
59-17 Junction Boulevard
Flushing, NY 11373-5108

## Customer Registration Form for Water and Sewer Billing

### Property and Owner Information:

(1) Property receiving service: BOROUGH: QUEENS     BLOCK: 3828     LOT: 24

(2) Property Address: 78-13 79TH STREET, QUEENS, NY 11385

(3) Owner's Name:     MTGLQ INVESTORS, L.P.

Additional Name:

### Affirmation:

☑ Your water & sewer bills will be sent to the property address shown above.

### Customer Billing Information:

Please Note:

A. Water and sewer charges are the legal responsibility of the owner of a property receiving water and/or sewer service. The owner's responsibility to pay such charges is not affected by any lease, license or other arrangement, or any assignment of responsibility for payment of such charges. Water and sewer charges constitute a lien on the property until paid. In addition to legal action against the owner, a failure to pay such charges when due may result in foreclosure of the lien by the City of New York, the property being placed in a lien sale by the City or Service Termination.

B. Original bills for water and/or sewer service will be mailed to the owner, at the property address or to an alternate mailing address. DEP will provide a duplicate copy of bills to one other party (such as a managing agent), however, any failure or delay by DEP in providing duplicate copies of bills shall in no way relieve the owner from his/her liability to pay all outstanding water and sewer charges. Contact DEP at (718) 595-7000 during business hours or visit www.nyc.gov/dep to provide us with the other party's information.

### Owner's Approval:

The undersigned certifies that he/she/it is the owner of the property receiving service referenced above; that he/she/it has read and understands Paragraphs A & B under the section captioned "Customer Billing Information"; and that the information supplied by the undersigned on this form is true and complete to the best of his/her/its knowledge.

Print Name of Owner:

Signature: _____ Date (mm/dd/yyyy)

Name and Title of Person Signing for Owner, if applicable:

BCS-7CRF-ACRIS REV. 9/08

2017062900115101

FOR CITY USE ONLY

C1. County Code | |       C2. Date Deed | | | |
                                Recorded  Month   Day   Year

C3. Book | | | |       C4. Page | | |
OR
C5. CRFN | | |

**REAL PROPERTY TRANSFER REPORT**
STATE OF NEW YORK
STATE BOARD OF REAL PROPERTY SERVICES

## RP - 5217NYC

**PROPERTY INFORMATION**

**1. Property Location** | 78-13 | 79TH STREET | QUEENS | 11385
STREET NUMBER       STREET NAME             BOROUGH        ZIP CODE

**2. Buyer Name** | MTGLQ INVESTORS, L.P.
LAST NAME / COMPANY                          FIRST NAME

LAST NAME / COMPANY                          FIRST NAME

**3. Tax Billing Address** | Indicate where future Tax Bills are to be sent if other than buyer address (at bottom of form) |
LAST NAME / COMPANY        FIRST NAME

STREET NUMBER AND STREET NAME        CITY OR TOWN        STATE    ZIP CODE

**4. Indicate the number of Assessment Roll parcels transferred on the deed** | 1 | # of Parcels OR | | Part of a Parcel

**4A. Planning Board Approval** - N/A for NYC
**4B. Agricultural District Notice** - N/A for NYC

**5. Deed Property Size** | | X | | OR | 0, 0 3 |
FRONT FEET        DEPTH           ACRES

Check the boxes below as they apply:
**6. Ownership Type is Condominium** | |
**7. New Construction on Vacant Land** | |

**8. Seller Name** | TAYLOR, ESQ. AS REFEREE | MARTHA
LAST NAME / COMPANY                          FIRST NAME

LAST NAME / COMPANY                          FIRST NAME

**9. Check the box below which most accurately describes the use of the property at the time of sale:**

A ✓ One Family Residential   C | Residential Vacant Land   E | Commercial   G | Entertainment / Amusement   I | Industrial
B | 2 or 3 Family Residential   D | Non-Residential Vacant Land   F | Apartment   H | Community Service   J | Public Service

**SALE INFORMATION**

**10. Sale Contract Date** | 7 / 7 / 2017 |
                              Month  Day   Year

**11. Date of Sale / Transfer** | 7 / 7 / 2017 |
                                   Month  Day   Year

**12. Full Sale Price** $ | 6, 3 9 1 7 3 |

( Full Sale Price is the total amount paid for the property including personal property.
This payment may be in the form of cash, other property or goods, or the assumption of
mortgages or other obligations.)  Please round to the nearest whole dollar amount.

**13. Indicate the value of personal property included in the sale** | |

**14. Check one or more of these conditions as applicable to transfer:**

A | Sale Between Relatives or Former Relatives
B | Sale Between Related Companies or Partners in Business
C | One of the Buyers is also a Seller
D ✓ | Buyer or Seller is Government Agency or Lending Institution
E ✓ | Deed Type not Warranty or Bargain and Sale (Specify Below )
F | Sale of Fractional or Less than Fee Interest ( Specify Below )
G | Significant Change in Property Between Taxable Status and Sale Dates
H | Sale of Business is Included in Sale Price
I | Other Unusual Factors Affecting Sale Price ( Specify Below )
J | None

**ASSESSMENT INFORMATION** - Data should reflect the latest Final Assessment Roll and Tax Bill

**15. Building Class** | A, 9 |      **16. Total Assessed Value** (of all parcels in transfer) | 2, 6, 2, 0, 9 |

**17. Borough, Block and Lot / Roll Identifier(s)** ( If more than three, attach sheet with additional Identifier(s) )

| QUEENS 3828 24 | | |

201706290011520101



| CERTIFICATION | I certify that all of the items of information entered on this form are true and correct (to the best of my knowledge and belief) and understand that the making of any willful false statement of material fact herein will subject me to the provisions of the penal law relative to the making and filing of false instruments. |

| BUYER | | | | BUYER'S ATTORNEY | |
|---|---|---|---|---|---|
| BUYER SIGNATURE | | DATE | LAST NAME | | FIRST NAME |
| 4828 LOOP CENTRAL DRIVE | | | | | |
| STREET NUMBER | STREET NAME (AFTER SALE) | | AREA CODE | TELEPHONE NUMBER | |
| HOUSTON | | | | SELLER | |
| | TX | 77081 | SELLING SIGNATURE | | 7-7-2017 |
| CITY OR TOWN | STATE | ZIP CODE | | | DATE |

Janet Ward, ESP

2017062900115201

# AFFIDAVIT OF COMPLIANCE
## WITH SMOKE DETECTOR REQUIREMENT
## FOR ONE- AND TWO-FAMILY DWELLINGS

State of New York

County of
    } SS.:

The undersigned, being duly sworn, depose and say under penalty of perjury that they are the grantor and grantee of the real property or of the cooperative shares in a cooperative corporation owning real property located at

78-13 79TH STREET

Street Address Unit/Apt.

QUEENS ———— New York, ——— 3828 ——— 24 — (the "Premises");

Borough          Block      Lot

That the Premises is a one or two family dwelling, or a cooperative apartment or condominium unit in a one- or two-family dwelling, and that installed in the Premises is an approved and operational smoke detecting device in compliance with the provisions of Article 6 of Subchapter 17 of Chapter 1 of Title 27 of the Administrative Code of the City of New York concerning smoke detecting devices;

That they make affidavit in compliance with New York City Administrative Code Section 11-2105 (g). (The signatures of at least one grantor and one grantee are required, and must be notarized).

Name of Grantor (Type or Print)

Signature of Grantor

Sworn to before me

this      day of      20

Name of Grantee (Type or Print)

Signature of Grantee

Sworn to before me

this      day of      20

These statements are made with the knowledge that a willfully false representation is unlawful and is punishable as a crime of perjury under Article 210 of the Penal Law.

**NEW YORK CITY REAL PROPERTY TRANSFER TAX RETURNS FILED ON OR AFTER FEBRUARY 6th, 1990, WITH RESPECT TO THE CONVEYANCE OF A ONE- OR TWO-FAMILY DWELLING, OR A COOPERATIVE APARTMENT OR A CONDOMINIUM UNIT IN A ONE- OR TWO-FAMILY DWELLING, WILL NOT BE ACCEPTED FOR FILING UNLESS ACCOMPANIED BY THIS AFFIDAVIT.**

2017062900115101

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x

IN RE: RALPH W BOLGEHN

Case# 19-43084

DEBTOR

-----------------------------------------------------------------------x

-------------------------------------------------------------------------------------------

AFFIRMATION IN OPPOSITION TO MOTION TO LIFT STAY

-------------------------------------------------------------------------------------------

August 15th, 2019
Anadel Canale P.C.
Attorney At Law
1805 5th Avenue
Suite 8
Bayshore NY 117706
631-414-7040